**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000279
22-AUG-2025
07:52 AM
Dkt. 116 SO**

NO. CAAP-22-0000279

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

STATE OF HAWAI‘I, Plaintiff-Appellee,
v.
MARTIN T. AIREY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-20-0000400)

## SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Hiraoka and Guidry, JJ.)

Defendant-Appellant Martin T. Airey (**Airey**) appeals

from the "Judgment of Conviction and Probation Sentence"

(**Judgment**) filed on March 17, 2022 in the Circuit Court of the

First Circuit (**circuit court**).[1]

---

[1]  The Honorable Catherine H. Remigio presided.

On March 16, 2020, the State of Hawaiʻi (**State**) filed a Complaint alleging that Airey "knowingly cause[d] a false alarm and/or did make a false complaint or a report of false information in reckless disregard of the risk that a public safety agency would respond by dispatching emergency services," thereby violating Hawaii Revised Statutes (**HRS**) § 710-1014.5(1)(a) (2014) and/or (1)(b) (2014), after Airey called 911 alleging that a child was being sexually assaulted in the neighboring apartment unit.

The jury found Airey guilty as charged, and Airey was sentenced to one year of probation. The circuit court entered the Judgment, and this appeal followed.

Airey raises eight points of error on appeal: (1) the circuit court erred by denying Airey's motion for judgment of acquittal without addressing whether there was sufficient evidence for the jury to conclude that Airey acted knowingly; (2) "[t]he [circuit c]ourt erred by denying [Airey's] motion for judgment of acquittal despite no evidence being presented showing that [Airey's] conduct constituted a 'gross deviation'"; (3) "[t]he [circuit c]ourt erred by entering [the Judgment] despite insufficient evidence"; (4) "[t]he [circuit c]ourt erred by denying [Airey's] motion to dismiss the charge under [State v. Wheeler, 121 Hawaiʻi 383, 219 P.3d 1170 (2009)]"; (5) "[t]he [circuit c]ourt erred by overruling [Airey's] objection to [the

2

State's] misstatements of the law during [its rebuttal] argument"; (6) "[t]he [circuit c]ourt erred by entering the [Judgment] despite a non-unanimous jury process"; (7) "[Airey's] constitutional right to competent counsel was violated where [Airey's lower court] counsel [(**defense counsel**)] failed to obtain a sound engineer specialist as a witness"; and (8) "[t]he [circuit c]ourt erred where it denied admission of [Airey's] audio/video recording showing a child screaming."

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Airey's points of error as follows[2]:

(1) Airey contends that the circuit court violated his constitutional right to a unanimous jury verdict. Airey contends that the jury verdict was not unanimous because HRS § 710-1014.5(1) sets forth two ways of committing Misuse of 911 emergency telephone service (**Misuse of 911**), and the circuit court did not ensure that all the jurors agreed as to whether Airey "[k]nowingly cause[d] a false alarm" and/or "[made] a false complaint or a report of false information in reckless disregard of the risk that a public safety agency will respond by dispatching emergency services." We review questions of

_____

[2] We consolidate and renumber Airey's points of error herein, to the extent it makes sense to do so, for purposes of our analysis.

constitutional law de novo under the right/wrong standard.

State v. Fields, 115 Hawai'i 503, 511, 168 P.3d 955, 963 (2007).

"The right of an accused to a unanimous verdict in a criminal prosecution, tried before a jury in a court of this state, is guaranteed by article I, sections 5 and 14 of the Hawai'i Constitution." State v. Getz, 131 Hawai'i 19, 24, 313 P.3d 708, 713 (2013) (cleaned up). "The jury must unanimously find that each material element of the offense has been proven—the conduct, the attendant circumstances, and the result of conduct—as well as the mental state requisite to each element." Id. (citation omitted).

The defendant's right to a unanimous jury verdict, however, is not implicated where the statute "provides alternative means of establishing the same offense." State v. Shinyama, 101 Hawai'i 389, 398-99, 69 P.3d 517, 526-27 (2003) (cleaned up).

> In an alternative means case, where a single offense may be committed in more than one way, **there must be jury unanimity as to guilt for the single crime charged. Unanimity is not required, however, as to the means by which the crime was committed so long as substantial evidence supports each alternative.** In reviewing an alternative means case, the court must determine whether a rational trier of fact could have found each means of committing the crime proved beyond a reasonable doubt.

Id. at 399, 69 P.3d at 527 (emphasis added) (citations omitted).

We must therefore determine whether there is sufficient evidence to support each alternative means of committing Misuse of 911.[3]

We review the sufficiency of the evidence using the following standard:

> **[E]vidence adduced in the trial court must be considered in the strongest light for the prosecution** when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. **The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.**

State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (emphasis added) (citation omitted). "Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. (cleaned up).

HRS § 702-206(2) (2014) states that "[a] person acts knowingly with respect to his conduct when he is aware that his conduct is of that nature" and "acts knowingly with respect to a result of his conduct when he is aware that it is practically certain that his conduct will cause such a result." "[I]t is not necessary for the prosecution to introduce direct evidence

---

[3]    Neither party contests on appeal that (1) Airey called 911, (2) the police were dispatched to the neighboring apartment unit as a result of his 911 calls, and (3) the police did not find evidence of child sexual assault.  Therefore, we will not address those elements of the offense.

of a defendant's state of mind in order to prove that the defendant acted . . . knowingly or recklessly." State v. Eastman, 81 Hawai'i 131, 140-41, 913 P.2d 57, 66-67 (1996) (citation omitted). "[P]roof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient." Id. at 141, 913 P.2d at 67 (citation omitted).

Based on the testimonies presented, and viewing the evidence in the light most favorable to the State, we conclude that there was sufficient evidence to support the conclusion that Airey both "[k]nowingly cause[d] a false alarm," and that he "[made] a false complaint or a report of false information in reckless disregard of the risk that a public safety agency will respond by dispatching emergency services."

Airey testified that he heard a child screaming in the neighboring apartment unit, and that he believed a crime was occurring in that apartment unit because of his past observations of prior tenants. However, Airey's 911 call went well beyond the reporting of his actual beliefs or observations. Airey told the 911 dispatch that a "gang-bang" was taking place in the neighboring apartment unit. Airey admitted that he did so "to get [the police's] attention," even though he had not

observed anything that would support these allegations,[4] and that his representations were a "pure assumption."  In reporting this fabricated account to the 911 dispatch, Airey "[k]nowingly cause[d] a false alarm," and/or "[made] a false complaint or a report of false information in reckless disregard of the risk that a public safety agency [would] respond by dispatching emergency services."

We conclude that there is sufficient evidence in the record to support both alternative means of committing Misuse of 911.  Airey's constitutional right to a unanimous jury verdict was not violated.

(2) Airey contends that the circuit court erred in denying his motion for judgment of acquittal and entering the Judgment because there was insufficient evidence.

---

[4]     During the trial, Airey testified as follows:

>     [State (**Q**)] Now, I wanna turn your attention to call number 3 on January 5th, 2020.  **You used the term that a three year old child was being gang-banged, right?**
>     **Okay. So why did you say a child was being gang-banged?**
>     [Airey (**A**)] **Well, I -- because out of frustration maybe.  Um, I was just trying to get their attention** and get somebody there to stop this -- this child from being abused.
>
>     . . . .
>
>     Q     Okay.  But, Mr. Airey, you didn't see anybody enter into that residence on January 5th, 2020, correct?
>     A     Correct.
>     **Q     And you didn't see anything that indicated a gang-bang was going on, --**
>     **A     Correct.**

(Emphasis added.)

We review the circuit court's decision on a motion for judgment of acquittal using the following standard:

> When reviewing a motion for judgment of acquittal, [the court] employ[s] the same standard that a trial court applies to such a motion, namely, whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt.

State v. Jhun, 83 Hawaiʻi 472, 481, 927 P.2d 1355, 1364 (1996) (citations omitted). When reviewing the sufficiency of the evidence on appeal, the test is "whether there was substantial evidence to support the conclusion of the trier of fact." Kalaola, 124 Hawaiʻi at 49, 237 P.3d at 1115 (citation omitted).

We concluded, in Section (1) supra, that there was sufficient evidence to support the jury's finding that Airey committed Misuse of 911; we likewise conclude, on this basis, that the circuit court did not err in denying Airey's motion for judgment of acquittal,[5] and entering the Judgment.

We further conclude that Airey has waived his argument that the circuit court erred in failing to address whether there was sufficient evidence for the jury to find that Airey "[k]nowingly" committed Misuse of 911 when it denied Airey's

---

[5]    Airey also challenges the circuit court's denial of his renewed motion for judgment of acquittal for the same reasons. We conclude that the circuit court did not err in denying Airey's renewed motion for judgment of acquittal.

first motion for judgment of acquittal.[6] Airey did not raise this issue when the circuit court made its ruling. Moreover, Airey waived any error in the circuit court's denial of his first motion for judgment of acquittal when he subsequently testified. See State v. Halemanu, 3 Haw. App. 300, 303, 650 P.2d 587, 591 (App. 1982) (holding that the defendant's introduction of evidence following the lower court's denial of the defendant's motion for judgment of acquittal, made at the close of the state's evidence, waived any error in the lower court's prior denial).

(3) Airey contends that the circuit court erred when it denied his motion to dismiss the charge. Airey contends that the Complaint "failed to adequately apprise [him] of the charge" because the Complaint did not define "public safety agency." "Whether a charge sets forth all the essential elements of [the] charged offense is a question of law" that the court reviews de novo. Wheeler, 121 Hawaiʻi at 390, 219 P.3d at 1177 (cleaned up).

Article I, section 14 of the Hawaiʻi Constitution states that "[i]n all criminal prosecutions, the accused shall

---

[6]    In denying Airey's first motion for judgment of acquittal, the circuit court only addressed whether there would be sufficient evidence for the jury to find that Airey acted recklessly. It did not address whether there would be sufficient evidence for the jury to find that Airey acted *knowingly*.

enjoy the right . . . to be informed of the nature and cause of the accusation."  In determining the sufficiency of a charging instrument, the court looks at "whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what [they] must be prepared to meet."  Id. at 391, 219 P.3d at 1178 (citations omitted).  It is not sufficient that the charging document tracks the statute's language.  Id. at 393, 219 P.3d at 1180.  The State, however, is not required to "provide statutory definitions in every charge which tracks the language of a statute that includes terms defined elsewhere."  State v. Mita, 124 Hawaiʻi 385, 391, 245 P.3d 458, 464 (2010).  The State must allege the statutory definition of a term if it (1) "creates an additional essential element of the offense" and (2) "does not provide a person of common understanding with fair notice of that element."  Id. at 392, 245 P.3d at 465 (citation omitted).

The Complaint did not include the statutory definition of "public safety agency" -- i.e., "any federal, state, or county police, fire, emergency medical service, or emergency management agency."[7]  HRS § 710-1014.5(3) (2014).  The statutory

---

[7]     The Complaint reads as follows, in relevant part:

> On or about January 5, 2020 in the City and County of Honolulu, State of Hawaii, MARTIN T AIREY did **knowingly cause a false alarm and/or did make a false complaint or a report of false information in reckless disregard of the**
>
>                                              (continued . . .)

definition of "public safety agency" did not, however, create an additional element by "provid[ing] an inclusive, rather than exclusive, list of examples of what the term may include." See Mita, 124 Hawai'i at 391, 245 P.3d at 464. A person of common understanding, moreover, would have fair notice that the term "public safety agency" refers to "any federal, state, or county police, fire, emergency medical service, or emergency management agency." See id. at 392, 245 P.3d at 465; HRS § 710-1014.5(3).

We determine, therefore, that the circuit court did not err in denying Airey's motion to dismiss for insufficient notice of charge.

(4) Airey contends that the circuit court should not have overruled his objection during the State's rebuttal argument because the State misstated the law, and that the State's misstatement of the law constituted prosecutorial misconduct. We review allegations of prosecutorial misconduct under the harmless beyond a reasonable doubt standard, which requires the court to examine the record and determine "whether there is a reasonable possibility that the error complained of

---

[7](. . . continued)
**risk that a public safety agency would respond by dispatching emergency services,** thereby committing the offense of Misuse of 911 Emergency Telephone Service, in violation of Section 710-1014.5(1)(a) and/or (1)(b) of the Hawaii Revised Statutes.

(Emphasis added.)

might have contributed to the conviction." State v. Austin, 143 Hawaiʻi 18, 28, 422 P.3d 18, 28 (2018) (citation omitted).

When reviewing allegations of prosecutorial misconduct, the court must determine: "(1) whether the conduct was improper; (2) if the conduct was improper, whether the misconduct was harmless beyond a reasonable doubt; and (3) if the misconduct was not harmless, whether the misconduct was so egregious as to bar reprosecution." State v. Udo, 145 Hawaiʻi 519, 534-35, 454 P.3d 460, 475-76 (2019) (citation omitted).

The court must determine whether the State's misstatement of the law "[has] caused prejudice to the defendant's right to a fair trial." State v. Clark, 83 Hawaiʻi 289, 304, 926 P.2d 194, 209 (1996) (citation omitted). The court must also view the statement in context and consider the rebuttal argument in its entirety. See State v. Mars, 116 Hawaiʻi 125, 142, 170 P.3d 861, 878 (App. 2007). In general, counsel's misstatements of the law, during argument, "are subject to objection and to correction by the court," and "improper comments by a prosecutor can be cured by the court's instructions to the jury, and it will be presumed that the jury adhered to the court's instructions." Austin, 143 Hawaiʻi at 42, 422 P.3d at 42 (citations omitted).

Airey appears to contend that the State misstated the law by representing that the jury should not consider whether

Airey "genuinely believe[d] that a crime was being committed," but should instead consider whether Airey's belief was a "reasonable belief." The State asserts that it used "reasonable belief" because the circuit court's jury instruction on defenses uses the phrase "reasonably believe."[8] However, it also appears that the State used "reasonable belief" when it was discussing the statutory definition for reckless, which does not expressly use the phrase "reasonable belief" or state a standard to apply to the defendant's belief.

Even if the State misstated the law during its rebuttal argument, the circuit court correctly instructed the jury (1) on the "choice of evils" defense, (2) on the statutory definition of "[r]ecklessly" under HRS § 702-206(3) (2014), and (3) that "[i]n the event that a statement or argument made by a lawyer contradicts or misstates these instructions, [they] must disregard that statement or argument and follow [its] instructions." Defense counsel correctly restated the standard for recklessness in closing argument. We conclude on this record that the State's error, if any, did not substantially prejudice Airey's right to a fair trial as it was harmless beyond a reasonable doubt. See id. at 42-43, 422 P.3d at 42-43;

_____

[8] The State does not specify which defense it was referencing. It does, however, include an excerpt of the circuit court's jury instructions on the "choice of evils" and mistake of fact defenses in its Answering Brief, and the "choice of evils" defense uses the phrase "reasonably believe[]."

13

State v. Klinge, 92 Hawaiʻi 577, 595-96, 994 P.2d 509, 527-28 (2000) (holding that the prosecutor's misstatements of the law, which the defendant objected to, was harmless in light of the lower court's proper instructions to the jury on the charge).

(6) We next address Airey's contention that the circuit court erred by excluding Airey's audio recording of a child screaming. The circuit court ruled that the recording would not be admitted because it (1) was not relevant due to its timing, as it was made months after the night of the offense, and (2) would be prejudicial, "in the sense that it would confuse the jury."

The court reviews evidentiary decisions based on Hawaii Rules of Evidence (**HRE**) Rule 401 de novo under the right/wrong standard. State v. Pulse, 83 Hawaiʻi 229, 247, 925 P.2d 797, 815 (1996). We conclude that the circuit court did not err by excluding Airey's recording because the recording was not relevant pursuant to HRE Rule 401.[9]

Here, Airey sought to admit an audio recording of what he perceived to be the neighbor's child screaming. Airey testified that he had recorded the audio in July or August of 2020, which was several months after Airey's 911 call. "Events

---

[9] HRE Rule 401 provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." HRE Rule 402 provides that "[e]vidence which is not relevant is not admissible."

14

occurring after a contested event are generally not relevant." State v. Ortiz, 93 Hawaiʻi 399, 408, 4 P.3d 533, 542 (App. 2000) (citation omitted).  Moreover, the record reflects that the neighbor and the neighbor's child were no longer living in the neighboring apartment unit in July 2020.  We conclude that the recording would not have made it more or less probable that Airey heard the neighbor's child screaming on the night of the offense.  The recording was therefore not relevant, and was properly excluded by the circuit court.

(7) Airey contends that defense counsel was ineffective in "fail[ing] to obtain a sound engineer specialist as a witness to enhance [Airey's audio] recording," which Airey sought to introduce at trial.  We review questions of constitutional law de novo under the right/wrong standard. Fields, 115 Hawaiʻi at 511, 168 P.3d at 963.

Defendants have a right to effective assistance of counsel.  Haw. Const. art. I, § 14; State v. Tetu, 139 Hawaiʻi 207, 215, 386 P.3d 844, 852 (2016).  "When reviewing a claim of ineffective assistance of counsel, [the] court looks at whether defense counsel's assistance was within the range of competence demanded of attorneys in criminal cases."  State v. DeLeon, 131 Hawaiʻi 463, 478, 319 P.3d 382, 397 (2014) (citation omitted).  The defendant must show: "1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or

diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense."  Id. at 478-79, 319 P.3d at 397-98 (citation omitted).

We concluded, in Section (6) supra, that the circuit court did not err in excluding the audio recording.  On this basis, we conclude that Airey's counsel was not ineffective by failing to obtain a sound engineer specialist as a witness, as this did not "result[] in either the withdrawal or substantial impairment of a potentially meritorious defense."  See id. at 479, 319 P.3d at 398 (citation omitted); State v. Silva, 75 Haw. 419, 438, 864 P.2d 583, 592 (1993) ("[A] decision on other issues in the appellate court may effectively moot an ineffective assistance claim.").

For the foregoing reasons, we affirm the Judgment.

DATED: Honolulu, Hawaiʻi, August 22, 2025.

On the briefs:

Kai Lawrence,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge